UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN CRUZ CORTES,

        Plaintiff,

        v.                                    Case No. 25-CV-723

AL PEARSON et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Juan Cruz Cortes is representing himself in this 42 U.S.C. § 1983 action. He is proceeding on various claims against Brown County Jail Corrections Officers Al Pearson and DJ Smith in connection with the alleged violation of his constitutional rights while he was incarcerated at the jail. This matter comes before the Court on Defendants' motion to dismiss for failure to prosecute and to comply with this Court's order pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b). For the following reasons, the motion will be granted.

Under Rule 41 of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure to prosecute or comply with an order of the Court. Fed. R. Civ. P. 41(b). "Although dismissal is a harsh sanction that should be imposed infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177–78 (7th Cir. 1987). The Seventh Circuit has found that dismissal is an appropriate sanction when a plaintiff has committed ongoing discovery violations and has failed

to comply with court-ordered discovery deadlines. *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699–700 (7th Cir. 2014); *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017).

In this case, Plaintiff failed to respond to Defendants' discovery requests, even though he had ample time to do so. On December 23, 2025, Defendants sent Plaintiff Interrogatories and Requests for Production, which included several authorizations for Plaintiff to sign to allow Defendants to obtain records. Defendants filed a motion to compel two days after Plaintiff's discovery responses were due. Plaintiff responded to the motion to compel, asserting that he did not receive Defendants' discovery requests until after January 22, 2026, and that he is willing to participate in discovery. The Court denied the motion to compel, because it appeared Plaintiff was willing to respond to Defendants' discovery requests, and ordered Plaintiff to respond to Defendants' discovery requests by April 10, 2026. (ECF No. 25.) On April 22, 2026, Defendants filed a motion to dismiss, asserting that Plaintiff has not responded to Defendants' discovery requests, provided any signed authorizations, or contacted defense counsel. Plaintiff did not respond to the motion to dismiss, and the time to do so has passed. Plaintiff's failure to respond to Defendants' discovery requests and comply with the Court's order has delayed the litigation of this matter and resulted in modifications to the scheduling order. Plaintiff's "neglect in pursing his case [is] sufficiently serious to warrant dismissal." *Nelson*, 878 F.3d at 239 (internal quotation marks and citation omitted). Therefore, this action is dismissed based on Plaintiff's failure to prosecute.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (ECF No. 28) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on June 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

2

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Case 1:25-cv-00723-BBC    Filed 06/04/26    Page 3 of 3    Document 33